IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| AMERICAN WALNUT COMPANY, INC. ) | CASE NO. 10-22307 |
| ) | |
| DEBTOR. ) | |
| ) | |

### EMERGENCY AMENDED MOTION FOR ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §364(c)(2) and §364(c)(3)

COMES NOW American Walnut Company, Inc.., Debtor and Debtor-in-Possession herein, by and through counsel, Colin N. Gotham of Evans & Mullinix, P.A., and submits its Emergency Motion for Order Authorizing Chapter 11 T to Obtain Post-Petition Financing Pursuant to 11 U.S.C §364(c)(2) and §364(c)(3). In support of this Motion, the Debtor respectfully states and alleges as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334.

2. Venue lies properly in this Court, pursuant to 28 U.S.C. §1408 and 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. §157.

**The Nature and Structure of the Debtor's Businesses**

4. The Debtor, American Walnut Company, Inc., is a Kansas corporation founded in 1926.

5. The Debtor is engaged primarily in the manufacture and sale of wood based products.

6. The Debtor currently has 49 employees with a high of 75 employees in the last year.

## The Chapter 11 Reorganization Proceedings

7. On July 2, 2010 the Debtor filed voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

8. Contemporaneously with the commencement of the instant bankruptcy proceedings, Debtor filed a motion to use cash collateral and for adequate protection.

## Request for Post-Petition Financing

9. The Debtor requires funds for the benefit of the bankruptcy estates in order to continue in the operation of the Debtor's business, to continue to provide services to customers and to prepare and maximize the value of estate assets for subsequent sales. Debtor needs additional funds to purchase inventory. The Debtor does not have sufficient cash on hand to do so, and its suppliers and pre-petition lenders refuse to extend credit to Debtor. Therefore, the bankruptcy estate needs to borrow money on a post-petition basis in order to remain operational.

10. American Forest Products, Inc. (hereinafter referred to as "American Forest") has agreed to advance up to $175,000.00 to the Debtor (the "Financing"), so long as the Bankruptcy Court enters its order approving the Financing as set forth below.

11. American Forest is not a traditional DIP lender. Rather, American Forest is owned by John Worrell, the principal of the Debtor.

12. The significant terms of the Financing by American Forest are as follows:

   a. American Forest will agree to lend $175,000.00 to the Debtors on a secured basis;

   b. The Financing shall accrue interest at the rate of ten percent (10%) per annum;

c. The Financing provides that no payments are due from the bankruptcy estate until maturity, which is one year from the initial advance under the line of credit.

13. To secure all amounts loan under the Financing, American Forest shall be granted a lien on assets of the Debtors. Specifically, the Debtor proposes to (1) secure the Financing pursuant to §364(c)(2) by a senior lien on all chapter 5 causes of action, which is property of the estate that is not otherwise subject to a lien and (2) secure estates that are already subject to one or more liens of other prepetition lenders. The assets of the estates upon which junior liens are proposed to be granted include, without limitation: vehicles, intellectual property, equipment, accounts receivable, and inventory.

14. The agreement to provide financing represents is not an arms-length transaction in that there is a connection to the Debtor, but the Debtor has exercised its sound business judgment consistent with its fiduciary duty to the bankruptcy estates.

15. Pursuant to §364(c)(2) and §364(c)(3) of the Bankruptcy Code, to secure the Financing, the Debtor requests the Court to grant American Forest (a) secured claims to and senior liens in all chapter 5 causes of action pursuant to §364(c)(2), (b) secured claims to and junior liens in all other assets of the bankruptcy estates and (c) a deed of trust on the commercial real estate owned by American Walnut Company, Inc. located in St. Joseph, Missouri.

16. Section 364(c) provide in relevant part:

(c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt..

(2) secured by a lien on property of the estate that is not otherwise subject to a lien; or

3

461707

(3) secured by a junior lien on property of the estate that is subject to a lien.

17. Without the Financing the Debtor will not have sufficient funds to operate the Debtor's business. Furthermore, the Debtor has not been able to procure any other sources of financing for the bankruptcy estates. Because denial of the relief sought herein would cause immediately and irreparable injury, loss and damage to the Debtor's efforts to maximize value for creditors and other parties in interest, the Debtor requests that this Court approve its Motion.

WHEREFORE, the Debtor respectfully requests this court enter an order authorizing it to borrow pursuant to 11 U.S.C §364(c)(2) and §364(c)(3) on the terms set forth herein and authorize such other and further relief as the Court deems just and equitable.

Respectfully Submitted:

EVANS & MULLINIX, P.A.

*/s/ Colin N. Gotham*
Colin N. Gotham, KS #19538; MO#52343
Richard C. Wallace, KS #7536
7225 Renner Road, Suite 200
Shawnee, KS  66217
(913) 962-8700; (913) 962-8701 (FAX)
colin@evans-mullinix.com
ATTORNEYS FOR DEBTOR

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2010, a true and correct copy of the Motion was electronically filed with the court using the CM/ECF system which sent notification to all parties of interest participating in the CM/ECF system.

Further, I certify that copies of the Motion were forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the following:

M&I Bank
PO Box 3114
Milwaukee, WI 53201

Laurence Frazen
Bryan Cave
1200 Main, Ste. 3500
Kansas City, MO 64105-2100

*s/ Colin N. Gotham*
Colin N. Gotham